**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| ORRSTOWN BANK<br>77 East King Street<br>Shippensburg, Pennsylvania 17257 | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | Civil No. 1:12-cv-00345 RDB |
| v. | * | |
| | * | |
| ARES INVESTMENT GROUP, LLC<br>12805 Oak Hill Avenue<br>Hagerstown, Maryland 21740<br>     **Serve on:**<br>     Richard S. Stern, Esquire<br>     Resident Agent<br>     Suite 37A<br>     932 Hungerford Drive<br>     Rockville, Maryland 20850 | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| ARISTAEUS, LLC<br>12805 Oak Hill Avenue<br>Hagerstown, Maryland 21740<br>     **Serve on:**<br>     Richard S. Stern, Esquire<br>     Resident Agent<br>     Suite 37A<br>     932 Hungerford Drive<br>     Rockville, Maryland 20850 | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| ARISTODEMOS CAPITAL GROUP, LLC<br>12805 Oak Hill Avenue<br>Hagerstown, Maryland 21740<br>     **Serve on:**<br>     Richard S. Stern, Esquire<br>     Resident Agent<br>     Suite 37A<br>     932 Hungerford Drive<br>     Rockville, Maryland 20850 | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

ARISTON REAL ESTATE GROUP, LLC   *
12805 Oak Hill Avenue   *
Hagerstown, Maryland 21740   *
      **Serve on:**   *
      Richard S. Stern, Esquire   *
      Resident Agent   *
      Suite 37A   *
      932 Hungerford Drive   *
      Rockville, Maryland 20850   *
  *

ASH AZADI   *
9755 Redamar Drive   *
Hagerstown, Maryland 21740   *
  *

MORRIS AZADI   *
9755 Redamar Drive   *
Hagerstown, Maryland 21740   *
  *

SIMIN AZADI   *
9755 Redamar Drive   *
Hagerstown, Maryland 21740   *
  *

CATANIA USA, LLC   *
12805 Oak Hill Avenue   *
Hagerstown, Maryland 21740   *
      **Serve on:**   *
      Richard S. Stern, Esquire   *
      Resident Agent   *
      Suite 37A   *
      932 Hungerford Drive   *
      Rockville, Maryland 20850   *
  *

HAVE A BOWL, LLC   *
12805 Oak Hill Avenue   *
Hagerstown, Maryland 21740   *
      **Serve on:**   *
      Richard S. Stern, Esquire   *
      Resident Agent   *
      Suite 37A   *
      932 Hungerford Drive   *
      Rockville, Maryland 20850   *
  *
  *
  *

NORTHWIND TOWNHOMES, LLC      *
12805 Oak Hill Avenue      *
Hagerstown, Maryland 21740      *
    **Serve on:**      *
    Richard S. Stern, Esquire      *
    Resident Agent      *
    Suite 37A      *
    932 Hungerford Drive      *
    Rockville, Maryland 20850      *
          *

POLAR, LLC      *
12805 Oak Hill Avenue      *
Hagerstown, Maryland 21742      *
    **Serve on:**      *
    Robert T. Wilson, Esquire      *
    Resident Agent      *
    120 East Oak Ridge Drive      *
    Suite 400      *
    Hagerstown, Maryland 21740      *
          *

UGO, LLC      *
12805 Oak Hill Avenue      *
Hagerstown, Maryland 21740      *
    **Serve on:**      *
    Richard S. Stern, Esquire      *
    Resident Agent      *
    Suite 37A      *
    932 Hungerford Drive      *
    Rockville, Maryland 20850      *
          *

    *Defendants.*      *
      *

### [REDACTED] FIRST AMENDED COMPLAINT FOR
### CONFESSION OF JUDGMENT AND BREACH OF CONTRACT

Plaintiff Orrstown Bank ("Orrstown"), through its undersigned counsel, files this First

Amended Complaint for Confession of Judgment and Breach of Contract against Defendants

Ares Investment Group, LLC ("Ares"), Aristaeus, LLC ("Aristaeus"), Aristodemos Capital

Group, LLC ("Aristodemos"), Ariston Real Estate Group, LLC ("Ariston"), Mr. Ash Azadi

("Ash"), Mr. Morris Azadi ("Morris"), Mrs. Simin Azadi ("Simin") (Ash, Morris, and Simin are

3

sometimes collectively referred to as "Individual Defendants"), Catania USA, LLC ("Catania"),
Have A Bowl, LLC ("Bowl"), Northwind Townhomes, LLC ("Northwind"), Polar, LLC
("Polar"), and UGO, LLC ("UGO") (all Defendants other than Individual Defendants are
sometimes collectively referred to as "Entity Defendants"), and alleges as follows.

## The Parties

1.     Orrstown is a small regional bank that has its principal place of business in
Pennsylvania and is organized under the laws of Pennsylvania.  Orrstown has approximately 20
branches.  One branch is located in Washington County, Maryland.  All other branches are
located in Central Pennsylvania.

2.     Upon information and belief, Individual Defendants are adult residents and
citizens of Maryland.   Morris and Simin are husband and wife; Ash is their son.

3.     Entity Defendants have their principal places of business in Maryland.  With one
exception, Entity Defendants are organized under the laws of Maryland and are engaged in the
development of commercial real estate projects in Washington County, Maryland.  The sole
exception is Northwind, which is organized under the laws of West Virginia, and owns real
property in West Virginia.

4.     Individual Defendants own and operate every Entity Defendant.  Entity
Defendants are used by Individual Defendants to carry out real estate development projects in
Washington County, Maryland and Berkley County, West Virginia.

## Jurisdiction and Venue

5.     This Court has personal jurisdiction over all Defendants.  Individual Defendants
are citizens of Maryland, and all regularly conduct business in Maryland. Entity Defendants are
limited liability companies that have their principal places of business in Maryland.  Further,

4

with the exception of Northwind, Entity Defendants regularly conduct business in Maryland and are organized under the laws of Maryland.   Additionally, every member of every Entity Defendant is a citizen and resident of Maryland.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties and the amount in controversy exceeds $75,000.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), in that: (i) Individual Defendants reside and regularly conduct business in this district; (ii) Entity Defendants have their principal places of business and regularly conduct business in this district; and (iii) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

**Facts**

8.      Since early 2007, Orrstown has extended numerous commercial loans and lines of credit to Defendants, the total principal amount of which is nearly $16 million.  As set forth below, various combinations of Defendants act as the borrowers and/or guarantors under these loans.

9.      Five of the loans and lines of credit were requested by Defendants and extended by Orrstown for the purposes of financing two real estate development projects in or near Hagerstown, Maryland, namely: (a) the conversion of a former hotel building located at 90-98 West Washington Street, Hagerstown, Maryland 21740 into residential units; and (b) the development of a bowling alley, family entertainment complex, and office at 19330 Leitersburg Pike, Hagerstown, Maryland 21742.

10.     The following is a summary of the loans and lines of credit at issue in this lawsuit (the "Loans"):

| Loan No. | Origination Date | Modification Date(s) | Borrower(s) | Guarantor(s) | Amount |
|---|---|---|---|---|---|
| xxxxxxx6001 | 3/5/2007 | 1/12/2011 | Ash, Morris, and Simin | Ares, Northwind, Polar, Ariston, Aristaeus, and Aristodemos | $2.75 million |
| xxxxxxx0101 | 4/27/2007 | 1/12/2011 | UGO | Ash, Morris, Simin, Northwind, Polar, Ariston, Aristaeus, and Aristodemos | $200,000 |
| xxxxxxx6002 | 7/11/2007 | | Ash and Morris | Ares | $250,000 |
| xxxxxxx9001 | 2/6/2008 | | Ash and Morris | Northwind | $1.72 million |
| xxxxxxx9002 | 2/22/2008 | | Ash and Morris | Aristaeus | $1.421 million |
| xxxxxxx9004 | 4/4/2008 | | Ash and Morris | Ariston | $1.27 million |
| xxxxxxx0101 | 6/9/2008 | 1/12/2011<br><br>6/17/2011 | Ash and Morris | Simin, Aristaeus, Aristodemos, Ariston, Polar, Northwind Ares, Catania, and Bowl | $500,000 |
| xxxxxxx9005 | 6/9/2008 | | Ash and Morris | Ares and Aristaeus | $2.85 million |
| xxxxxxx9007 | 1/12/2011 | | Ash, Morris, and Simin | Ares, Northwind, Polar, Ariston, Aristaeus, and Aristodemos | $767,000 |
| xxxxxxx0101 | 1/12/2011 | 6/17/2011 | Ash and Morris | Simin, Aristodemos, Aristaeus, Ariston, Polar, Northwind, Ares, Catania, and Bowl | $1.5 million |
| xxxxxxx9001 | 1/12/2011 | | Aristodemos | Ash, Morris, Simin, and Bowl | $2.56 million[1] |
| xxxxxxx9002 | 1/12/2011 | | Aristodemos | Ash, Morris, Simin, and Bowl | $1.12 million |

---

[1] The precise amount of this loan is $2,556,680.

11.     True and complete copies of the Promissory Notes for the Loans, including all amendments and modifications thereto, are attached and incorporated herein as **Exhibits 1A-1L**.[2] True and complete copies of the Commercial Guaranties, Guaranty Agreements, or Modification and Assumption Agreements for the Loans, including all amendments and modifications thereto, are attached and incorporated herein as **Exhibits 2A-2L**.

12.     The Promissory Notes for each Loan require the remittance of monthly payments to Orrstown, consisting of either interest only or principal and interest. **Ex. 1A** at OT0004-05 ¶ 1.3(b); **Ex. 1B** at OT0012 ¶ 1.3(b); **Ex. 1C** at OT0016; **Ex. 1D** at OT0019; **Ex. 1E** at OT0022; **Ex. 1F** at OT0025; **Ex. 1G** at OT0031 ¶ 1.3(b); **Ex. 1H** at OT0036; **Ex. 1I** at OT0039-40 ¶ 1.3(b); **Ex. 1J** at OT0048 ¶ 1.3(b); **Ex. 1K** at OT0053 ¶ 1.3(b); **Ex. 1L** at OT0057 ¶ 1.3.

13.     The Commercial Guaranties, Guaranty Agreements, or Modification and Assumption Agreements for each Loan require, among other things, each guarantor to satisfy any debt or obligation of the borrower(s) under the Loans, including payment obligations. **Ex. 2A** at OT0064 ¶ 2.1, OT0073 ¶ 2.1, OT0074 ¶ 2.10; **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2C** at OT0112; **Ex. 2D** at OT0116; **Ex. 2E** at OT0119; **Ex. 2F** at OT0122; **Ex. 2G** at OT0135 ¶ 2.1, OT0150 ¶ 2.1, OT0151 ¶ 2.8, OT0160-61 ¶ 2.1, OT0162 ¶ 2.12, OT0171 ¶ 2.1; **Ex. 2H** at OT0186, OT0189; **Ex. 2I** at OT0193 ¶ 2.1, OT0194 ¶ 2.10, OT0202 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0225-26 ¶ 2.1, OT0227 ¶ 2.12, OT0236 ¶ 2.1; **Ex. 2K** at OT0251 ¶ 2.1, OT0262 ¶ 2.1; **Ex. 2L** at OT0270 ¶ 2.1, OT0281 ¶ 2.1.

14.     The Loans are currently in default.  Specifically, in July 2011, Defendants stopped remitting the required monthly payments to Orrstown on Loan Nos. xxxxxxx9002, xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002.  In August 2011, Defendants stopped remitting

---

[2] A table of contents for the exhibits is appended hereto.

the required monthly payments to Orrstown on Loan Nos. xxxxxxx0101, xxxxxxx6001, xxxxxxx6002, xxxxxxx9001, xxxxxxx9005, xxxxxxx9007, and xxxxxxx0101.   And in September 2011, Defendants stopped remitting the required monthly payments to Orrstown on Loan no. xxxxxxx9004.

15.    Upon Defendants' breach of their payment obligations under the Loans, Orrstown made written demands for payment on each borrower and guarantor, provided the appropriate cure period where required, and accelerated the maturity dates for every Loan to require immediate payment of all principal, accrued and unpaid interest, late charges, appraisal fees, costs of suit and collection costs (including attorneys' fees), all as permitted under the applicable Promissory Notes, Commercial Guaranties, Guaranty Agreements, or Modification and Assumption Agreements for the Loans. See, e.g., **Ex. 1A** at OT0005 ¶ 2.2(a), OT0006 ¶ 2.3; **Ex. 2A** at OT0066 ¶ 4.2(a).  True and complete copies of Orrstown's written demands for payment and acceleration of the amounts due are attached and incorporated herein as **Exhibits 3A-3L**.

16.    To date, Defendants have failed without justification to cure their material defaults under the Loans.  The current outstanding balance for all Loans, including principal, accrued and unpaid interest, late charges, appraisal fees, cost of suit and collection costs (including attorneys' fees),[3] is $16,379,954.44, itemized as follows:

| Loan No. | Current Balance Without Attorneys' Fees | Current Balance With Attorneys' Fees | Per Diem Interest |
|---|---|---|---|
| xxxxxxx6001 | $2,817,245.99 | $2,828,337.91 | $418.59 |
| xxxxxxx0101 | $204,033.32 | $215,125.24 | $22.22 |
| xxxxxxx6002 | $172,748.06 | $183,839.98 | $16.45 |
| xxxxxxx9001 | $1,748,139.59 | $1,759,231.51 | $343.87 |
| xxxxxxx9002 | $1,389,379.73 | $1,400,471.65 | $245.38 |
| xxxxxxx9004 | $1,215,607.71 | $1,226,699.63 | $115.70 |

---

[3] Attorneys' fees totaling $132,753.14 and the costs of suit, a $350.00 filing fee, were calculated by apportioning the total ($133,103.14) equally among the twelve Loans.

| xxxxxxx0101 | $511,665.98 | $522,757.90 | $55.52 |
| xxxxxxx9005 | $2,745,935.19 | $2,757,027.11 | $261.49 |
| xxxxxxx9007 | $782,417.71 | $793,509.63 | $116.41 |
| xxxxxxx0101 | $884,906.49 | $895,998.41 | $143.32 |
| xxxxxxx9001 | $2,625,202.84 | $2,636,294.76 | $390.60 |
| xxxxxxx9002 | $1,149,568.79 | $1,160,660.71 | $171.11 |

Interest and attorneys' fees continue to accrue on the Loans.  (Affidavit of Terry Miller, attached and incorporated herein as **Exhibit 4**.).

17.     For most of the Loans, the Promissory Notes, Commercial Guaranties, Guaranty Agreements, and Modification and Assumption Agreements contain a confession of judgment provision.  These are Loan Nos. xxxxxxx6001 (**Ex. 1A** at OT0006 ¶ 2.2(c); **Ex. 2A** at OT 0066-67 ¶ 4.2(b)), xxxxxxx0101 (**Ex. 1B** at  OT0013-14 ¶ 2.2(c); **Ex. 2B** at OT01 02 ¶ 5.2(b)), xxxxxxx6002 (**Ex. 1C** at OT0018; **Ex. 2C** at OT0114), xxxxxxx0101 (**Ex. 1G** at OT0032-33 ¶ 2.2(c); **Ex. 2G** at OT0139 ¶ 5.2(b), OT0175-76 ¶ 5.2(b)), xxxxxxx9007 (**Ex. 1I** at OT0041 ¶ 2.2(c); **Ex. 2I** at OT0204-05 ¶ 4.2(b)),  xxxxxxx0101 (**Ex. 1J** at OT0049-50 ¶ 2.2(c); **Ex. 2J** at OT0214 ¶ 5.2(b), OT0240-241 ¶ 5.2(b)), xxxxxxx9001 (**Ex. 1K** at OT0054-55 ¶ 2.2(c); **Ex. 2K** at OT0255 ¶ 5.2(b), OT0264-65 ¶ 4.2(b)), and xxxxxxx9002 (**Ex. 1L** at OT0058 ¶ 2.2(c); **Ex. 2L** at OT0274 ¶ 5.2(b), OT0283-84 ¶ 4.2(b)).   The Promissory Notes, Commercial Guaranties, Guaranty Agreements, and Modification and Assumption Agreements for Loan Nos. xxxxxxx9001, xxxxxxx9002, xxxxxxx9004, and xxxxxxx9005 do not contain confession of judgment provisions.

## Count I
## (Confession of Judgment – Ares)

18.     Paragraphs 1 through 17, inclusive, are incorporated by reference as if set forth fully herein.

19.     Ares executed Guaranty Agreements for Loan Nos. xxxxxxx6001, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101, each of which contains a confession of judgment provision. **Ex. 2A** at OT 0066-67 ¶ 4.2(b); **Ex. 2G** at OT0139 ¶ 5.2(b); **Ex. 2I** at OT0204-05 ¶ 4.2(b); **Ex. 2J** at OT0214 ¶ 5.2(b).

20.     Under each Guaranty Agreement, Ares "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" See, e.g., **Ex. 2A** at OT0064 ¶ 2.1.[4]

21.     Ares executed a Commercial Guaranty for Loan No. xxxxxxx6002, which contains a confession of judgment provision. **Ex. 2C** at OT0114.

22.     Under the Commercial Guaranty, Ares "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower, or any one or more of them, to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." **Ex. 2C** at OT0112.

23.     The Loans are in payment default. Orrstown has demanded payment from Ares pursuant to the Guaranty Agreements and Commercial Guaranty it executed. See **Exs. 3A**, **3C**, **3G**, **3I**, and **3J**. Ares has breached its payment obligations under its Guaranty Agreements and Commercial Guaranty by refusing to remit payment to Orrstown.

24.     Orrstown has incurred substantial damages as a result of Ares's breaches of its Guaranty Agreements.

25.     To date, the amount due and owing from Ares to Orrstown under Loan Nos. xxxxxxx6001, xxxxxxx6002, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101, including

---

[4] Identical or substantially similar language is contained in all of the Guaranty Agreements at issue in this lawsuit. **Exs. 2A**, **2B**, **2G**, **2I**, **2J**, **2K** and **2L**.

principal, accrued and unpaid interest, late charges, and appraisal fees, is $5,168,984.23. The costs of suit and collection costs (including attorneys' fees) are $55,459.60. Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Ares in the amount of $5,224,443.83, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count II
### (Breach of Contract – Ares)

26.      Paragraphs 1 through 25, inclusive, are incorporated by reference as if set forth fully herein.

27.      Ares executed Guaranty Agreements for Loan Nos. xxxxxxx6001, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101.

28.      Under each Guaranty Agreement, Ares "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" See, e.g., **Ex. 2A** at OT0064 ¶ 2.1.

29.      Ares executed Commercial Guaranties for Loan Nos. xxxxxxx6002 and xxxxxxx9005.

30.      Under each Commercial Guaranty, Ares "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower, or any one or more of them, to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." **Ex. 2C** at OT0112; **Ex. 2H** at OT0186.

31.      The Loans are in payment default. Orrstown has demanded payment from Ares pursuant to the Guaranty Agreements and Commercial Guaranties it executed. See **Exs. 3A**, **3C**,

**3G**, **3H**, **3I**, and **3J**. Ares has breached its payment obligations under its Guaranty Agreements and Commercial Guaranties by refusing to remit payment to Orrstown.

32.     Orrstown has incurred substantial damages as a result of Ares's breaches of its Guaranty Agreements and Commercial Guaranties.

33.     To date, the amount due and owing from Ares to Orrstown under Loan Nos. xxxxxxx6001, xxxxxxx6002, xxxxxxx9007, xxxxxxx0101, xxxxxxx9005, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $7,914,919.42. The costs of suit and collection costs (including attorneys' fees) are $66,551.52. Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Ares in the amount of $7,981,470.94, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count III
### (Confession of Judgment – Aristaeus)

34.     Paragraphs 1 through 33, inclusive, are incorporated by reference as if set forth fully herein.

35.     Aristaeus executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, each of which contains a confession of judgment provision. **Ex. 2B** at OT0102 ¶ 5.2(b); **Ex. 2G** at OT0139 ¶ 5.2(b); **Ex. 2J** at OT0240-41 ¶ 5.2(b).

36.     Under each Guaranty Agreement, Aristaeus "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

37.    The Loans are in payment default.    Orrstown has demanded payment from Aristaeus pursuant to the Guaranty Agreements it executed.    See **Exs. 3B, 3G,** and **3J**.    Aristaeus has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

38.    Orrstown has incurred substantial damages as a result of Aristaeus's breaches of its Guaranty Agreements.

39.    To date, the amount due and owing from Aristaeus to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, including principal, accrued and unpaid interest, and late charges, is $1,600,605.79.    The costs of suit and collection costs (including attorneys' fees) are $33,275.76.    Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Aristaeus in the amount of $1,633,881.55, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count IV
### (Breach of Contract – Aristaeus)

40.    Paragraphs 1 through 39, inclusive, are incorporated by reference as if set forth fully herein.

41.    Aristaeus executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101.

42.    Under each Guaranty Agreement, Aristaeus "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]"  **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

43.     Aristaeus executed Commercial Guaranties for Loan Nos. xxxxxxx9002 and xxxxxxx9005.

44.     Under each Commercial Guaranty, Aristaeus "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower, or any one or more of them, to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." **Ex. 2E** at OT0119; **Ex. 2H** at OT0186.

45.     Aristaeus executed a Modification and Assumption Agreement for Loan Nos. xxxxxxx6001 and xxxxxxx9007.

46.     Under the Modification and Assumption Agreement, Aristaeus "assume[d] all obligations of Existing Guarantors under the Loan Documents, agree[d] to guaranty the payment and performance of all the Borrower's obligations under the Loan Documents in accordance with the New Guaranty (defined below) and assume[d] and agree[d] to be bound by all of the terms, provisions and obligations set forth in the Loan Documents as they pertain to Existing Guarantor." **Ex. 2A** at OT0073 ¶ 2.1(b); **Ex. 2I** at OT0193 ¶ 2.1(b).

47.     The Loans are in payment default.  Orrstown has demanded payment from Aristaeus pursuant to the Guaranty Agreements, Commercial Guaranties, and the Modification and Assumption Agreement it executed.  See **Exs. 3A, 3B, 3E, 3G, 3H, 3I,** and **3J.** Aristaeus has breached its payment obligations under its Guaranty Agreements, Commercial Guaranties, and the Modification and Assumption Agreement by refusing to remit payment to Orrstown.

48.     Orrstown has incurred substantial damages as a result of Aristaeus's breaches of its Guaranty Agreements, Commercial Guaranties, and the Modification and Assumption Agreement.

49.     To date, the amount due and owing from Aristaeus to Orrstown under Loan Nos. xxxxxxxx6001, xxxxxxxx0101, xxxxxxxx9002, xxxxxxxx0101, xxxxxxxx9005, xxxxxxxx9007, and xxxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $9,335,584.41.   The costs of suit and collection costs (including attorneys' fees) are $77,643.44.   Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Aristaeus in the amount of $9,413,227.85, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

**Count V**
**(Confession of Judgment – Aristodemos)**

50.     Paragraphs 1 through 49, inclusive, are incorporated by reference as if set forth fully herein.

51.     Aristodemos executed Guaranty Agreements for Loan Nos. xxxxxxxx0101, xxxxxxxx0101, and xxxxxxxx0101, each of which contains a confession of judgment provision. **Ex. 2B** at OT0102 ¶ 5.2(b); **Ex. 2G** at OT0139 ¶ 5.2(b); **Ex. 2J** at OT0240-41 ¶ 5.2(b).

52.     Under each Guaranty Agreement, Aristodemos "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

53.     Aristodemos is also the borrower under the Promissory Notes for Loan Nos. xxxxxxxx9001 and xxxxxxxx9002, each of which contains a confession of judgment provision. **Ex. 1K** at OT0054-55 ¶ 2.2(c); **Ex. 1L** at OT0058 ¶ 2.2(c).

54.     The Loans are in payment default.   Orrstown has demanded payment from Aristodemos pursuant to the Guaranty Agreements and Promissory Notes it executed.   See **Exs. 3B, 3G, 3J, 3K,** and **3L.**   Aristodemos has breached its payment obligations under its Guaranty Agreements and Promissory Notes by refusing to remit payment to Orrstown.

55.     Orrstown has incurred substantial damages as a result of Aristodemos's breaches of its Guaranty Agreements and Promissory Notes.

56.     To date, the amount due and owing from Aristodemos to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx0101, xxxxxxx0101, xxxxxxx9001 and xxxxxxx9002, including principal, accrued and unpaid interest, and late charges, is $5,375,372.42.   The costs of suit and collection costs (including attorneys' fees) are $55,459.60.   Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Aristodemos in the amount of $5,430,837.02, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count VI
### (Breach of Contract – Aristodemos)

57.     Paragraphs 1 through 56, inclusive, are incorporated by reference as if set forth fully herein.

58.     Aristodemos executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101.

59.     Under each Guaranty Agreement, Aristodemos "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever

in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

60.     Aristodemos executed a Modification and Assumption Agreement for Loan Nos. xxxxxxx6001 and xxxxxxx9007.

61.     Under the Modification and Assumption Agreement, Aristodemos "assume[d] all obligations of Existing Guarantors under the Loan Documents, agree[d] to guaranty the payment and performance of all the Borrower's obligations under the Loan Documents in accordance with the New Guaranty (defined below) and assume[d] and agree[d] to be bound by all of the terms, provisions and obligations set forth in the Loan Documents as they pertain to Existing Guarantor." **Ex. 2A** at OT0073 ¶ 2.1(b); **Ex. 2I** at OT0193 ¶ 2.1(b).

62.     Aristodemos is also the borrower under the Promissory Notes for Loan Nos. xxxxxxx9001 and xxxxxxx9002.

63.     The Loans are in payment default.  Orrstown has demanded payment from Aristodemos pursuant to the Guaranty Agreements, the Modification and Assumption Agreement, and Promissory Notes it executed.  See **Exs.** **3A**, **3B**, **3G**, **3I**, **3J**, **3K**, and **3L**. Aristodemos has breached its payment obligations under its Guaranty Agreements, the Modification and Assumption Agreement, and Promissory Notes by refusing to remit payment to Orrstown.

64.     Orrstown has incurred substantial damages as a result of Aristodemos's breaches of its Guaranty Agreements, the Modification and Assumption Agreement, and  Promissory Notes.

65.     To date, the amount due and owing from Aristodemos to Orrstown under Loan Nos. xxxxxxx6001, xxxxxxx9007, xxxxxxx0101, xxxxxxx0101, xxxxxxx0101, xxxxxxx9001

and xxxxxxx9002, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $8,975,041.12.  The costs of suit and collection costs (including attorneys' fees) are $77,643.44.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Aristodemos in the amount of $9,052,684.56, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count VII
### (Confession of Judgment – Ariston)

66. Paragraphs 1 through 65, inclusive, are incorporated by reference as if set forth fully herein.

67. Ariston executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, each of which contains a confession of judgment provision. **Ex. 2B** at OT0102 ¶ 5.2(b); **Ex. 2G** at OT0139 ¶ 5.2(b); **Ex. 2J** at OT0240-41 ¶ 5.2(b).

68. Under each Guaranty Agreement, Ariston "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

69. The Loans are in payment default.  Orrstown has demanded payment from Ariston pursuant to the Guaranty Agreements it executed.  See **Exs. 3B**, **3G**, and **3J**. Ariston has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

70. Orrstown has incurred substantial damages as a result of Ariston's breaches of its Guaranty Agreements.

18

71.     To date, the amount due and owing from Ariston to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, including principal, accrued and unpaid interest, and late charges, is $1,600,605.79.  The costs of suit and collection costs (including attorneys' fees) are $33,275.76.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Ariston in the amount of $1,633,881.55, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count VIII
### (Breach of Contract – Ariston)

72.     Paragraphs 1 through 71, inclusive, are incorporated by reference as if set forth fully herein.

73.     Ariston executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101.

74.     Under each Guaranty Agreement, Ariston "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

75.     Ariston executed a Commercial Guaranty for Loan No. xxxxxxx9004.

76.     Under the Commercial Guaranty, Ariston "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower, and, or any one or more of them, to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." **Ex. 2F** at OT0122.

77.    Ariston executed a Modification and Assumption Agreement for Loan Nos. xxxxxxx6001 and xxxxxxx9007.

78.    Under the Modification and Assumption Agreement, Ariston "assume[d] all obligations of Existing Guarantors under the Loan Documents, agree[d] to guaranty the payment and performance of all the Borrower's obligations under the Loan Documents in accordance with the New Guaranty (defined below) and assume[d] and agree[d] to be bound by all of the terms, provisions and obligations set forth in the Loan Documents as they pertain to Existing Guarantor." **Ex. 2A** at OT0073 ¶ 2.1(b); **Ex. 2I** at OT0193 ¶ 2.1(b).

79.    The Loans are in payment default. Orrstown has demanded payment from Ariston pursuant to the Guaranty Agreements, Commercial Guaranty, and the Modification and Assumption Agreement it executed. See **Exs. 3A, 3B, 3F, 3G, 3I,** and **3J**. Ariston has breached its payment obligations under its Guaranty Agreements, Commercial Guaranty, and the Modification and Assumption Agreement by refusing to remit payment to Orrstown.

80.    Orrstown has incurred substantial damages as a result of Ariston's breaches of its Guaranty Agreements, Commercial Guaranty, and the Modification and Assumption Agreement.

81.    To date, the amount due and owing from Ariston to Orrstown under Loan Nos. xxxxxxx6001, xxxxxxx9007, xxxxxxx0101, xxxxxxx0101, xxxxxxx9004, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $6,415,877.20. The costs of suit and collection costs (including attorneys' fees) are $66,551.52. Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Ariston in the amount of $6,482,428.72, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count IX
## (Confession of Judgment – Ash)

82.     Paragraphs 1 through 81, inclusive, are incorporated by reference as if set forth fully herein.

83.     Ash is a borrower under the Promissory Notes for Loan Nos. xxxxxxx6001, xxxxxxx6002, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101, each of which contains a confession of judgment provision. **Ex. 1A** at OT0006 ¶ 2.2(c); **Ex. 1C** at OT0018; **Ex. 1G** at OT0032-33 ¶ 2.2(c); **Ex. 1I** at OT0041 ¶ 2.2(c); **Ex. 1J** at OT0049-50 ¶ 2.2(c).

84.     Ash executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002, each of which contains a confession of judgment provision.   **Ex. 2B** at OT0102 ¶ 5.2(b); **Ex. 2K** at OT0255 ¶ 5.2(b); **Ex. 2L** at OT0274 ¶ 5.2(b)).

85.     Under each Guaranty Agreement, Ash "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2K** at OT0251 ¶ 2.1; **Ex. 2L** at OT0270 ¶ 2.1.

86.     The Loans are in payment default.  Orrstown has demanded payment from Ash pursuant to the Guaranty Agreements and Promissory Notes he executed.  See **Exs. 3A**, **3B**, **3C**, **3G**, **3I**, **3J**, **3K**, and **3L**.   Ash has breached his payment obligations under his Guaranty Agreements and Promissory Notes by refusing to remit payment to Orrstown.

87.     Orrstown has incurred substantial damages as a result of Ash's breaches of his Guaranty Agreements and Promissory Notes.

88.     To date, the total amount due and owing from Ash to Orrstown under Loan Nos. xxxxxxx0101,  xxxxxxx9001,  xxxxxxx9002,  xxxxxxx6001,  xxxxxxx6002,  xxxxxxx0101,

xxxxxxx9007, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $9,147,789.18. The costs of suit and collection costs (including attorneys' fees) are $88,735.36. Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Ash in the amount of $9,236,524.54, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count X
### (Breach of Contract – Ash)

89.     Paragraphs 1 through 88, inclusive, are incorporated by reference as if set forth fully herein.

90.     Ash is a borrower under the Promissory Notes for Loan Nos. xxxxxxx6001, xxxxxxx6002, xxxxxxx9001, xxxxxxx9002, xxxxxxx9004, xxxxxxx0101, xxxxxxx9005, xxxxxxx9007, and xxxxxxx0101.

91.     Ash executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002.

92.     Under each Guaranty Agreement, Ash "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2K** at OT0251 ¶ 2.1; **Ex. 2L** at OT0270 ¶ 2.1.

93.     The Loans are in payment default. Orrstown has demanded payment from Ash pursuant to the Guaranty Agreements and Promissory Notes he executed. See **Exs. 3A-3L**. Ash has breached his payment obligations under his Guaranty Agreements and Promissory Notes by refusing to remit payment to Orrstown.

94.     Orrstown has incurred substantial damages as a result of Ash's breaches of his Guaranty Agreements and Promissory Notes.

95.     To date, the amount due and owing from Ash to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx9001, xxxxxxx9002, xxxxxxx6001, xxxxxxx6002, xxxxxxx0101, xxxxxxx9007, xxxxxxx9001, xxxxxxx9002, xxxxxxx9004, xxxxxxx9005, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $16,246,851.40.   The costs of suit and collection costs (including attorneys' fees) are $133,103.04.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Ash in the amount of $16,379,954.44, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count XI
### (Confession of Judgment – Morris)

96.     Paragraphs 1 through 95, inclusive, are incorporated by reference as if set forth fully herein.

97.     Morris is a borrower under the Promissory Notes for Loan Nos. xxxxxxx6001, xxxxxxx6002, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101, each of which contains a confession of judgment provision.  **Ex. 1A** at OT0006 ¶ 2.2(c); **Ex. 1C** at OT0018; **Ex. 1G** at OT0032-33 ¶ 2.2(c); **Ex. 1I** at OT0041 ¶ 2.2(c); **Ex. 1J** at OT0049-50 ¶ 2.2(c).

98.     Morris executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002, each of which contains a confession of judgment provision. **Ex. 2B** at OT0102 ¶ 5.2(b); **Ex. 2K** at OT0255 ¶ 5.2(b); **Ex. 2L** at OT0274 ¶ 5.2(b)).

99.     Under each Guaranty Agreement, Morris "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness,

liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2K** at OT0251 ¶ 2.1; **Ex. 2L** at OT0270 ¶ 2.1.

100.   The Loans are in payment default.  Orrstown has demanded payment from Morris pursuant to the Guaranty Agreements and Promissory Notes he executed.  See **Exs. 3A**, **3B**, **3C**, **3G**, **3I**, **3J**, **3K**, and **3L**.  Morris has breached his payment obligations under his Guaranty Agreements and Promissory Notes by refusing to remit payment to Orrstown.

101.   Orrstown has incurred substantial damages as a result of Morris's breaches of his Guaranty Agreements and Promissory Notes.

102.   To date, the amount due and owing from Morris to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx9001, xxxxxxx9002, xxxxxxx6001, xxxxxxx6002, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $9,147,789.18.  The costs of suit and collection costs (including attorneys' fees) are $88,735.36.   Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Morris in the amount of $9,236,524.54, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count XII
### (Breach of Contract – Morris)

103.   Paragraphs 1 through 102, inclusive, are incorporated by reference as if set forth fully herein.

104.   Morris is a borrower under the Promissory Notes for Loan Nos. xxxxxxx6001, xxxxxxx6002, xxxxxxx9001, xxxxxxx9002, xxxxxxx9004, xxxxxxx0101, xxxxxxx9005, xxxxxxx9007, and xxxxxxx0101.

105.   Morris executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002.

106.   Under each Guaranty Agreement, Morris "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]"  **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2K** at OT0251 ¶ 2.1; **Ex. 2L** at OT0270 ¶ 2.1.

107.   The Loans are in payment default.  Orrstown has demanded payment from Morris pursuant to the Guaranty Agreements and Promissory Notes he executed.  See **Exs. 3A**-**3L**. Morris has breached his payment obligations under his Guaranty Agreements and Promissory Notes by refusing to remit payment to Orrstown.

108.   Orrstown has incurred substantial damages as a result of Morris's breaches of his Guaranty Agreements and Promissory Notes.

109.   To date, the amount due and owing from Morris to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx9001, xxxxxxx9002, xxxxxxx6001, xxxxxxx6002, xxxxxxx0101, xxxxxxx9007, xxxxxxx9001, xxxxxxx9002, xxxxxxx9004, xxxxxxx9005, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $16,246,851.40.   The costs of suit and collection costs (including attorneys' fees) are $133,103.04.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Morris in the amount of $16,379,954.44, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count XIII
## (Confession of Judgment – Simin)

110.     Paragraphs 1 through 109, inclusive, are incorporated by reference as if set forth fully herein.

111.     Simin is also a borrower under the Promissory Notes for Loan Nos. xxxxxxx6001 and xxxxxxx9007, each of which contains a confession of judgment provision.   **Ex. 1A** at OT0006 ¶ 2.2(c); **Ex. 1I** at OT0041 ¶ 2.2(c).

112.     Simin executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002, each of which contains a confession of judgment provision.   **Ex. 2B** at OT0102 ¶ 5.2(b); **Ex. 2G** at OT0139 ¶ 5.2(b); **Ex. 2J** at OT0214 ¶ 5.2(b), OT0240-41 ¶ 5.2(b)); **Ex. 2K** at OT0255 ¶ 5.2(b); **Ex. 2L** at OT0274 ¶ 5.2(b)).

113.     Under each Guaranty Agreement, Simin "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]"   **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1; **Ex. 2K** at OT0251 ¶ 2.1; **Ex. 2L** at OT0270 ¶ 2.1.

114.     The Loans are in payment default.  Orrstown has demanded payment from Simin pursuant to the Guaranty Agreements and Promissory Notes she executed.  See **Exs. 3A, 3B, 3G, 3I, 3J, 3K,** and **3L**.   Simin has breached her payment obligations under her Guaranty Agreements and Promissory Notes by refusing to remit payment to Orrstown.

115.     Orrstown has incurred substantial damages as a result of Simin's breaches of her Guaranty Agreements and Promissory Notes.

116.   To date, the amount due and owing from Simin to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx9001, xxxxxxx9002, xxxxxxx0101, xxxxxxx0101, xxxxxxx6001, and xxxxxxx9007, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $8,975,041.12.   The costs of suit and collection costs (including attorneys' fees) are $77,643.44.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Simin in the amount of $9,052,684.56, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count XIV
### (Breach of Contract – Simin)

117.   Paragraphs 1 through 116, inclusive, are incorporated by reference as if set forth fully herein.

118.   Simin is a borrower under the Promissory Notes for Loan Nos. xxxxxxx6001 and xxxxxxx9007.

119.   Simin executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002.

120.   Under each Guaranty Agreement, Simin "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1; **Ex. 2K** at OT0251 ¶ 2.1; **Ex. 2L** at OT0270 ¶ 2.1.

121.   The Loans are in payment default. Orrstown has demanded payment from Simin pursuant to the Guaranty Agreements and Promissory Notes she executed. See **Exs. 3A, 3B, 3G,**

**3I**, **3J**, **3K**, and **3L**.   Simin has breached her payment obligations under her Guaranty

Agreements and Promissory Notes by refusing to remit payment to Orrstown.

122.   Orrstown has incurred substantial damages as a result of Simin's breaches of her

Guaranty Agreements and Promissory Notes.

123.   To date, the amount due and owing from Simin to Orrstown under Loan Nos.

xxxxxxx0101, xxxxxxx9001, xxxxxxx9002, xxxxxxx0101, xxxxxxx0101, xxxxxxx6001, and

xxxxxxx9007, including principal, accrued and unpaid interest, late charges, and appraisal fees,

is $8,975,041.12.   The costs of suit and collection costs (including attorneys' fees) are

$77,643.44.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Simin in the

amount of $9,052,684.56, plus post-judgment interest and costs, and any other and further relief

this Court deems appropriate.

## Count XV
### (Confession of Judgment – Catania)

124.   Paragraphs 1 through 123, inclusive, are incorporated by reference as if set forth

fully herein.

125.   Catania executed Guaranty Agreements for Loan Nos. xxxxxxx0101 and

xxxxxxx0101, each of which contains a confession of judgment provision. **Ex. 2G** at OT0175-

76 ¶ 5.2(b); **Ex. 2J** at OT0240-41 ¶ 5.2(b)).

126.   Under each Guaranty Agreement, Catania "unconditionally and irrevocably

guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness,

liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever

in connection with the Loans[.]" **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶

2.1, OT0236 ¶ 2.1.

127.    The Loans are in payment default.   Orrstown has demanded payment from Catania pursuant to the Guaranty Agreements it executed.   See **Exs. 3G** and **3J**.  Catania has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

128.    Orrstown has incurred substantial damages as a result of Catania's breaches of its Guaranty Agreements.

129.    To date, the amount due and owing from Catania to Orrstown under Loan Nos. xxxxxxx0101 and xxxxxxx0101, including principal, accrued and unpaid interest, and late charges, is $1,396,572.47.   The costs of suit and collection costs (including attorneys' fees) are $22,183.84.  Interest and attorneys' fees continue to accrue

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Catania in the amount of $1,418,756.31, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count XVI
### (Breach of Contract – Catania)

130.    Paragraphs 1 through 129, inclusive, are incorporated by reference as if set forth fully herein.

131.    Catania executed Guaranty Agreements for Loan Nos. xxxxxxx0101 and xxxxxxx0101.

132.    Under each Guaranty Agreement, Catania "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2G** at OT0171 ¶ 2.1; **Ex. 2J** at OT0236 ¶ 2.1.

133.   The Loans are in payment default.   Orrstown has demanded payment from Catania pursuant to the Guaranty Agreements it executed.   See **Exs. 3G** and **3J**.   Catania has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

134.   Orrstown has incurred substantial damages as a result of Catania's breaches of its Guaranty Agreements.

135.   To date, the amount due and owing from Catania to Orrstown under Loan Nos. xxxxxxx0101 and xxxxxxx0101, including principal, accrued and unpaid interest, and late charges, is $1,396,572.47.  The costs of suit and collection costs (including attorneys' fees) are $22,183.84.  Interest and attorneys' fees continue to accrue

WHEREFORE, Orrstown respectfully requests the entry of judgment against Catania in the amount of $1,418,756.31, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count XII
### (Confession of Judgment – Bowl)

136.   Paragraphs 1 through 135, inclusive, are incorporated by reference as if set forth fully herein.

137.   Bowl executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002, each of which contains a confession of judgment provision. **Ex. 2G** at OT0175-76 ¶ 5.2(b); **Ex. 2J** at OT0240-41 ¶ 5.2(b)); **Ex. 2K** at OT0264-65 ¶ 4.2(b); **Ex. 2L** at OT0283-84 ¶ 4.2(b)).

138.   Under each Guaranty Agreement, Bowl "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever

in connection with the Loans[.]" **Ex. 2G** at OT0171 ¶ 2.1; **Ex. 2J** at OT0236 ¶ 2.1; **Ex. 2K** at OT0262 ¶ 2.1; **Ex. 2L** at OT0281 ¶ 2.1.

139.   The Loans are in payment default.  Orrstown has demanded payment from Bowl pursuant to the Guaranty Agreements it executed.  See **Exs. 3G, 3J, 3K,** and **3L**.  Bowl has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

140.   Orrstown has incurred substantial damages as a result of Bowl's breaches of its Guaranty Agreements.

141.   To date, the amount due and owing from Bowl to Orrstown under Loan Nos. xxxxxxxx0101, xxxxxxxx0101, xxxxxxxx9001, and xxxxxxxx9002, including principal, accrued and unpaid interest, and  late charges, is $5,171,344.10. The   costs of suit and collection costs (including attorneys' fees) are $44,367.68.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Bowl in the amount of $5,215,711.78, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count XVIII
### (Breach of Contract – Bowl)

142.   Paragraphs 1 through 141, inclusive, are incorporated by reference as if set forth fully herein.

143.   Bowl executed Guaranty Agreements for Loan Nos. xxxxxxxx0101, xxxxxxxx0101, xxxxxxxx9001, and xxxxxxxx9002.

144.   Under each Guaranty Agreement, Bowl "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever

in connection with the Loans[.]" **Ex. 2G** at OT0171 ¶ 2.1; **Ex. 2J** at OT0236 ¶ 2.1; **Ex. 2K** at OT0262 ¶ 2.1; **Ex. 2L** at OT0281 ¶ 2.1.

145.   The Loans are in payment default.  Orrstown has demanded payment from Bowl pursuant to the Guaranty Agreements it executed.  See **Exs. 3G, 3J, 3K,** and **3L**.  Bowl has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

146.   Orrstown has incurred substantial damages as a result of Bowl's breaches of its Guaranty Agreements.

147.   To date, the amount due and owing from Bowl to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx0101, xxxxxxx9001, and xxxxxxx9002, including principal, accrued and unpaid interest, and late charges, is $5,171,344.10.  The  costs of suit and collection costs (including attorneys' fees) are $44,367.68.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Bowl in the amount of $5,215,711.78, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count XIX
### (Confession of Judgment – Northwind)

148.   Paragraphs 1 through 147, inclusive, are incorporated by reference as if set forth fully herein.

149.   Northwind executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, each of which contains a confession of judgment provision.

150.   Under each Guaranty Agreement, Northwind "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever

in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

151.    The Loans are in payment default.   Orrstown has demanded payment from Northwind pursuant to the Guaranty Agreements it executed.   See **Exs. 3B, 3G,** and **3J**. Northwind has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

152.    Orrstown has incurred substantial damages as a result of Northwind's breaches of its Guaranty Agreements.

153.    To date, the amount due and owing from Northwind to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $1,600,605.79.   The costs of suit and collection costs (including attorneys' fees) are $33,275.76.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Northwind in the amount of $1,633,881.55, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count XX
### (Breach of Contract – Northwind)

154.    Paragraphs 1 through 153, inclusive, are incorporated by reference as if set forth fully herein.

155.    Northwind executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101.

156.    Under each Guaranty Agreement, Northwind "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever

in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

157.   Northwind executed a Commercial Guaranty for Loan No. xxxxxxx9001.

158.   Under the Commercial Guaranty, Northwind "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower, and, or any one or more of them, to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents." **Ex. 2D** at OT0116.

159.   Northwind executed a Modification and Assumption Agreement for Loan Nos. xxxxxxx6001 and xxxxxxx9007.

160.   Under the Modification and Assumption Agreement, Northwind "assume[d] all obligations of Existing Guarantors under the Loan Documents, agree[d] to guaranty the payment and performance of all the Borrower's obligations under the Loan Documents in accordance with the New Guaranty (defined below) and assume[d] and agree[d] to be bound by all of the terms, provisions and obligations set forth in the Loan Documents as they pertain to Existing Guarantor." **Ex. 2A** at OT0073 ¶ 2.1(b); **Ex. 2I** at OT0193 ¶ 2.1(b).

161.   The Loans are in payment default.   Orrstown has demanded payment from Northwind pursuant to the Guaranty Agreements, Commercial Guaranty, and the Modification and Assumption Agreement it executed.   See **Exs. 3A, 3B, 3D, 3G, 3I**, and **3J**.   Northwind has breached its payment obligations under its Guaranty Agreements, Commercial Guaranty, and Modification and Assumption Agreement by refusing to remit payment to Orrstown.

162.   Orrstown has incurred substantial damages as a result of Northwind's breaches of its Guaranty Agreements, Commercial Guaranty, and tModification and Assumption Agreement.

163.   To date, the amount due and owing from Northwind to Orrstown under Loan Nos. xxxxxxx6001, xxxxxxx0101, xxxxxxx0101, xxxxxxx9007, xxxxxxx9001, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $6,948,409.08. The costs of suit and collection costs (including attorneys' fees) are $66,551.52. Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Northwind in the amount of $7,014,960.60, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count XXI
### (Confession of Judgment – Polar)

164.   Paragraphs 1 through 163, inclusive, are incorporated by reference as if set forth fully herein.

165.   Polar executed Guaranty Agreements for Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, each of which contains a confession of judgment provision.

166.   Under each Guaranty Agreement, Polar "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]" **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

167.   The Loans are in payment default. Orrstown has demanded payment from Polar pursuant to the Guaranty Agreements it executed. See **Exs. 3B, 3G,** and **3J**. Polar has breached its payment obligations under its Guaranty Agreements by refusing to remit payment to Orrstown.

35

168.     Orrstown has incurred substantial damages as a result of Polar's breaches of its Guaranty Agreements.

169.     To date, the amount due and owing from Polar to Orrstown under Loan Nos. xxxxxxx0101, xxxxxxx0101, and xxxxxxx0101, including principal, accrued and unpaid interest, and late charges, is $1,600,605.79.  The costs of suit and collection costs (including attorneys' fees) are $33,275.76.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against Polar in the amount of $1,633,881.55, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

### Count XXII
### (Breach of Contract – Polar)

170.     Paragraphs 1 through 169, inclusive, are incorporated by reference as if set forth fully herein.

171.     Polar executed Guaranty Agreements for Loan Nos. xxxxxxx6001, xxxxxxx0101, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101.

172.     Under each Guaranty Agreement, Polar "unconditionally and irrevocably guarantee[d] . . . the full and punctual payment of all past, present, and future indebtedness, liabilities, and obligations of Borrower to Lender of any kind, nature, and description whatsoever in connection with the Loans[.]"  **Ex. 2B** at OT0098 ¶ 2.1; **Ex. 2G** at OT0135 ¶ 2.1, OT0171 ¶ 2.1; **Ex. 2J** at OT0210 ¶ 2.1, OT0236 ¶ 2.1.

173.     Polar executed a Modification and Assumption Agreement for Loan Nos. xxxxxxx6001 and xxxxxxx9007.

174.     Under the Modification and Assumption Agreement, Polar "assume[d] all obligations of Existing Guarantors under the Loan Documents, agree[d] to guaranty the payment

and performance of all the Borrower's obligations under the Loan Documents in accordance with the New Guaranty (defined below) and assume[d] and agree[d] to be bound by all of the terms, provisions and obligations set forth in the Loan Documents as they pertain to Existing Guarantor." **Ex. 2A** at OT0073 ¶ 2.1(b); **Ex. 2I** at OT0193 ¶ 2.1(b).

175.    The Loans are in payment default.  Orrstown has demanded payment from Polar pursuant to the Guaranty Agreements it executed.  See **Exs. 3A, 3B, 3G, 3I,** and **3J**.  Polar has breached its payment obligations under its Guaranty Agreements and Modification and Assumption Agreement by refusing to remit payment to Orrstown.

176.    Orrstown has incurred substantial damages as a result of Polar's breaches of its Guaranty Agreements and Modification and Assumption Agreement.

177.    To date, the amount due and owing from Polar to Orrstown under Loan Nos. xxxxxxx6001, xxxxxxx0101, xxxxxxx0101, xxxxxxx9007, and xxxxxxx0101, including principal, accrued and unpaid interest, late charges, and appraisal fees, is $5,200,269.49. The costs of suit and collection costs (including attorneys' fees) are $55,459.60.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against Polar in the amount of $5,255,729.09, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count XXIII
### (Confession of Judgment – UGO)

178.    Paragraphs 1 through 177, inclusive, are incorporated by reference as if set forth fully herein.

179.    UGO is the borrower under the Promissory Note for Loan No. xxxxxxx0101, which contains a confession of judgment provision. **Ex. 1B** at OT0013-14.

180.    This Loan is in payment default.  Orrstown has demanded payment from UGO pursuant to the Promissory Note it executed.  See **Ex. 3B**.  UGO has breached its payment obligations under its Promissory Note by refusing to remit payment to Orrstown.

181.    Orrstown has incurred substantial damages as a result of UGO's breaches of its Promissory Note.

182.    To date, the amount due and owing from UGO to Orrstown under Loan No. xxxxxxx0101, including principal, accrued and unpaid interest, and late charges, is $204,033.32. The costs of suit and collection costs (including attorneys' fees) are $11,091.92.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment by confession against UGO in the amount of $215,125.24, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.

## Count XXIV
### (Breach of Contract – UGO)

183.    Paragraphs 1 through 182, inclusive, are incorporated by reference as if set forth fully herein.

184.    UGO is the borrower under the Promissory Note for Loan No. xxxxxxx0101. **Ex. 1B**.

185.    This Loan is in payment default.  Orrstown has demanded payment from UGO pursuant to the Promissory Note it executed.  See **Ex. 3B**.  UGO has breached its payment obligations under its Promissory Note by refusing to remit payment to Orrstown.

186.    Orrstown has incurred substantial damages as a result of UGO's breaches of its Promissory Note.

187.     To date, the amount due and owing from UGO to Orrstown under Loan No. xxxxxxx0101, including principal, accrued and unpaid interest, and late charges, is $204,033.32. The costs of suit and collection costs (including attorneys' fees) are $11,091.92.  Interest and attorneys' fees continue to accrue.

WHEREFORE, Orrstown respectfully requests the entry of judgment against UGO in the amount of $215,125.24, plus post-judgment interest and costs, and any other and further relief this Court deems appropriate.


Date:   March 12, 2012                    Respectfully submitted,

                                          /s/  Matthew R. Alsip
                                          _____
                                          Daniel P. Moylan (Bar No. 24719)
                                          Matthew R. Alsip (Bar No. 28002)
                                          Christine C. Carey (Bar No. 29428)
                                          Venable LLP
                                          210 West Pennsylvania Avenue
                                          Suite 500
                                          Towson, Maryland 21204
                                          Telephone: 410-494-6200
                                          Facsimile: 410-821-0147
                                          dpmoylan@venable.com
                                          mralsip@venable.com
                                          cccarey@venable.com

                                          *Counsel for Orrstown Bank*


310733/1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2012, a copy of Plaintiff's foregoing

[Redacted] First Amended Complaint was served electronically via the Court's CM/ECF system

to:

Paul Nussbaum, Esquire
Gary Posner, Esquire
Whiteford Taylor & Preston
Seven Saint Paul Street
Baltimore, Maryland 21202

*Counsel for Defendants*

　　　　　　　　　　　　 ___/s/_____
　　　　　　　　　　　　 Matthew R. Alsip